IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC LANSBERRY, EXECUTOR OF THE ESTATE OF W.J.L., | )<br>)<br>) |
| PLAINTIFF | ) NO.: 3:18-cv-19<br>) |
| vs. | )<br>) |
| ALTOONA AREA SCHOOL DISTRICT, | )<br>) |
| v. | )<br>) |
| CHARLES PRIJATELJ, SUPERINTENDENT OF THE ALTOONA AREA SCHOOL DISTRICT, | )<br>)<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| DON (DUTCH) BRENNAN, PRESIDENT OF THE ALTOONA AREA SCHOOL DISTRICT BOARD OF DIRECTORS, | )<br>)<br>)<br>) |
| DEFENDANTS | ) |

## COMPLAINT

### PRELIMINARY STATEMENT

This action is brought by MARC LANSBERRY, in his own right and as administrator of THE ESTATE OF W.J.L., a minor child, seeking

compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. 1983, Title IX of the Educational Amendments of 1972, 20 U.S.C. 1681 (a) et seq., and Pennsylvania law. Plaintiff's claims stem from the numerous failures, willful ignorance and inaction, and related nonfeasance of the Defendants as it relates to the extensive bullying, harassment, and intimidation issues W.J.L. was subjected to while attending the Altoona Area School District which ultimately caused him to commit suicide.

## I.        PARTIES

1. The Plaintiff, Marc Lansberry, Administrator of the Estate of W.J.L., is an adult individual residing in Blair County, Pennsylvania and represented by the Law Offices of Steven P. Passarello, Esq., P.C. He is the Natural Father of W.J.L., who was a twelve (12) year old boy attending the Altoona Area Junior High School within the Altoona Area School District. W.J.L. took his own life on May 18, 2017 as a direct result of the extensive bullying, harassment, and intimidation he was subjected to while attending said school.

2. The Natural Mother of W.J.L., Terri Bradford, has requested not to be Co-Administrator of the Estate of W.J.L.; however along with Marc Lansberry, are the sole surviving heirs of W.J.L. She has consented to

Marc Lansberry in his role as Administrator undertaking this action on behalf of the Estate.

3. Defendant, Altoona Area School District, is located at 1415 Sixth Avenue; Altoona Pennsylvania 16602 with is wholly contained within Blair County. At all times relevant to this matter, the Defendant was a recipient of federal funds and is a local education agency within the meaning of federal education regulations. The school district is a "Public Entity" within the meaning of 42 U.S.C. 12132

4. Defendant, Charles Prijatelj, is an adult individual who is employed by the Altoona Area School District as its "Superintendent". At all times he maintained an office at 1415 Sixth Avenue, Altoona Pennsylvania 16602.

5. Defendant, Don (Dutch) Brennan, is an adult individual who is the "President of the Altoona Area School District Board of Directors". He has succeeded John Donley, former President of the Altoona Area School Board, as President of the Altoona Area School Board after the 2017 Municipal Elections. At all times he maintained an office at 1415 Sixth Avenue, Altoona Pennsylvania 16602.

## II.   JURISDICTION

6.   This Honorable Court has original jurisdiction over the matter pursuant to 28 U.S.C. 1331 because this case raises federal questions under 42 U.S.C. 1983 and Title IX of the Educational Amendments of 1972. This court has further jurisdiction over Plaintiff's state law claims on the basis of supplemental jurisdiction pursuant to 28 U.S.C. 1376 (a). The amount in controversy, exclusive of interest and costs, exceeds seventy five thousand ($75,000) dollars.

7.   Venue is appropriate in the Western District of Pennsylvania pursuant to 28 U.S.C. 1391 (a)(1) because all plaintiffs and defendants reside within this state and within this judicial district.

8.   Specific venue in Johnstown is appropriate because all plaintiffs and defendants reside within Blair County.

## III.   SUPPORTING FACTS

9.   The Altoona Area School District has a school policy/regulation on bullying as required by Pennsylvania Law. A copy of that policy/regulation is attached hereto (see: Appendix). That policy requires

certain actions take place in the event of reported, witnessed, or suspected bullying both on the grounds of the Altoona Area School District and off grounds when it is conducted by School District Students.

10. W.J.L. was a student at the Altoona Area School District Junior High School in the 2016-2017 school year as a 7th Grader. W.J.L. did not have behavioral problems nor absentee problems and was generally a good student.

11. W.J.L. was subjected to intense, persistent, and malicious bullying activities by fellow Altoona Area School District Junior High Students during the 2016-2017 school year. These incidents occurred on school property during educational hours as well as off school property while on his walk to his Father's residence and through social media.

12. The incidents of bullying occurred in front of Altoona Area School District Junior High School personnel as well as fellow students. It was known throughout the school that W.J.L. was persistently picked on by his peers.

13. The bullying consisted of physical actions, emotional trauma, and psychological attacks up to and including suggesting that W.J.L. was better off dead and should commit suicide.

14. W.J.L. was subjected to unwanted and unwarranted physical contact and/or assault, persistent and pervasive ridicule, threats of violence and further intimidation and harassment, and statements directing and encouraging W.J.L. to commit suicide.

15. Despite bullying activity occurring on school grounds during educational hours and often in front of school personnel, no effort was made by the Defendants to address or rectify the actions. Further, despite school policy and regulations to the contrary, the parents of W.J.L. (Marc Lansberry and Terri Bradford) were never notified by the Defendants of the ongoing bullying activity.

16. W.J.L., after a particularly brutal day of bullying at Altoona Area School District Junior High School, took his own life at his Father's residence on May 18, 2017 just moments after having returned home from school for the day.

17. On May 19, 2017, Marc Lansberry received a phone call from the Altoona Area School District indicating W.J.L. was "absent" from school. This was after the school had been made aware of the tragic suicide of Wyatt the night before.

18. The Defendants acknowledged deficiencies in District policy and responses to bullying, intimidation, and harassment at a special public board meeting on May 25, 2017.

19. It should be noted that, at said meeting, Defendant Charles Prijatelj in his capacity of Superintendent of the Altoona Area School District, came off the stage and offered his condolences to Attorney Steve Passarello, his Wife and Paralegal Michelle Passarello, and Attorney Daniel J. Kiss; telling them he was "sorry for their loss". At this time, Attorney Steven Passarello answered "You have the wrong people, sir. It wasn't my loss, it was theirs" as he pointed to the Lansberry Family, who was seated behind the Attorneys. It was clear that the Defendants had no prior dealings with the Lansberry Family prior to this tragic event taking place, as they had no idea who they were.

20. The Defendants, at that meeting, voted to hire Attorney Jocelyn P. Kramer of Weiss Burkardt Kramer LLC, a Pittsburgh law firm, to review with a "focus on student services" all policies and procedures of the District at a rate of $175.00/hr.

21. The District turned over certain personal items to W.J.L.'s mother, Terri Bradford, after District personnel cleaned out W.J.L.'s locker without notice or consultation to family or the investigating agency, the Altoona Police Department.

22. That the District did not turn over to the Altoona Police Department nor do W.J.L.'s parent such items as his pass book and other related items.

## IV.    CLAIMS

### Title IX Claim – Against Defendant Altoona Area School District

23. All previous paragraphs are incorporated by reference as if set forth fully herein.

24. Plaintiffs can recover compensatory damages from claims alleging student on student sexual harassment in violation of **Title IX** of the Education Amendments of 1972, 20 U.S.C. 1681 (a). See: **Doe v. North Allegheny School Dist.**, **2009 WL 3166434 at *5 (E.D. Sept. 28, 2009)**, **Saxe v. State Coll. Area School Dist.**, **240 F.3d 200, 205 (3d Cir. 2001)** *("the Supreme Court has recognized that a public school student may bring suit against a school under Title IX for so-called 'hostile environment' harassment.")*

"To prevail against the School District in their claim for student-on-student harassment under **Title IX**, Plaintiffs must show:

> (1) the School District received Federal Funds;
>
> (2) sexual harassment occurred;
>
> (3) the harassment occurred under 'circumstances wherein the [School District] exercise[d] substantial control over both the harasser and the context in which the ... harassment occurred';
>
> (4) the [School District] had 'actual knowledge' of the harassment;
>
> (5) the [School District] was 'deliberately indifferent' to the harassment; and
>
> (6) the harassment was so 'severe, pervasive, and objectively offensive that it [could] be said to [have] deprive [d] the victims of access to the educational opportunities or benefits provided by the school."

**Davis v. Monroe County Bd. of Educ.**, 526 U.S. 629, 645, 650 (1999).

25. At all relevant times, the District was and is a recipient of federal funds.

26. Plaintiff avers that his deceased was the subject of unrequited bullying, intimidation, and harassment on, about, and in the vicinity of the grounds of the Altoona Area Junior High School immediately before, during, and immediately after school hours with many instances occurring in the presence of school personnel.

27. Plaintiff avers that his deceased was bullied, intimidated, and harassed in part for not being perceived to be masculine enough relative to his peers and not having the ideal appearance for a male in his age

group. This bullying, intimidation, and harassment occurred despite and in part because of Plaintiff's deceased expressing a desire to join the Marine Corps after graduation from high school.

28. The bullying, intimidation, and harassment included unwanted and unwarranted physical contact and/or assault, persistent and pervasive ridicule, threats of violence and further intimidation and harassment, and statements directing and encouraging W.J.L. to commit suicide.

29. That W.J.L. was subjected to bullying, intimidation, and harassment by a multitude of students at the Altoona Area School District, but primarily a focused group of boys.

30. That these many of these incidents occurred in front of school personnel and no action was taken against any of the individuals who engaged in the bullying, intimidation, and harassment.

31. That the District took absolutely no steps whatsoever to inform the parents of W.J.L. (including Plaintiff) or to address the actions of the individuals engaging in this atrocious behavior.

32. **20 U.S. Code 1681** states:

"*No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be*

*subjected to discrimination under any education program or activity receiving Federal financial assistance."*

**Title IX (20 U.S.C. 1681 et seq.)**, as it is commonly known, prohibits gender-based discrimination/harassment of a student by other students in instances where the bullying/harassment is based upon gender stereotypes of traditional definitions of masculinity or femininity.

33. The Defendants knew or reasonably should have known about the ongoing harassment/bullying of the Plaintiff's deceased and yet took absolutely no corrective actions to address same. This harassment/bullying was to the level that it limited the ability of the Plaintiff's deceased from benefitting or participating in the educational program at the Altoona Area School District.[1]

34. W.J.L. did have a noticeable change in his grades despite previously being a strong academic student as a result of these actions.

35. W.J.L. internalized the bullying, intimidation, and harassment against him which slowly built up but ultimately led to his untimely death by suicide.

---

[1] See generally **Gebser v. Lago Vista Independent School District**, 524 U.S. 274 (1998), and **Davis v. Monroe County Board of Education**, 526 U.S. 629 (1999). See also: **Meritor Savings Bank, FSB v. Vinson**, 477 U.S. 57, 65-66 (1986); **Harris v. Forklift Systems Inc.**, 510 U.S. 14, 22 (1993); see also: **Hicks v. Gates Rubber Co.**, 833 F.2d 1406, 1415 (10th Cir. 1987) (concluding that harassment based on sex may be discrimination whether or not it is sexual in nature)**; McKinney v. Dole**, 765 F.2d 1129, 1138 (D.C. Cir.1985) (physical, but nonsexual, assault could be sex-based harassment if shown to be unequal treatment that would not have taken place but for the employee's sex); **Cline v. General Electric Capital Auto Lease, Inc.**, 757 F.Supp.923, 932-33 (N.D. Ill. 1991).

36. In his suicide note, W.J.L. detailed the extent of the bullying, intimidation, and harassment ultimately wishing that if any good was to come of his death it would be that this type of behavior no longer be permitted or turned a blind eye to by the District.

37. That the conduct was so humiliating to W.J.L. that he choose death over continued subjection to the conduct at the District.

38. That the District's deliberate indifference to known bullying, intimidation, and harassment of W.J.L. was the direct and proximate cause of his untimely death.

39. That the District's inaction to the severe, pervasive, and unrelenting bullying, intimidation, and harassment of W.J.L. denied him equal access to educational opportunities within the District and was the direct and proximate cause of his untimely death.

## U.S.C. 1983 Claim Based upon State Created Danger – Against All Defendants

40. Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

41. Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States. **Shuman v. Penn Manor Sch. Dist.**, **422 F.3d 141, 146**

(3d Cir.2005) (citing: **Gruenke v. Seip**, 225 F.3d 290, 298 (3d Cir. 2000). This section does not create any new substantive rights, but instead provides a remedy for violation of a federal constitutional or statutory right. **Id**. (citing: **Baker v. McCollan**, 443 U.S. 137, 144, n.3 (1979)). To establish a valid claim under Section 1983, a plaintiff must demonstrate that the defendant, while acting under the color of state law, deprived him of a right secured by the Constitution or the laws of the United States. **Id**. (citing: **Mark v. Borough of Hatboro**, 51 F.3d 1137, 1141 (3d Cir.1995); **Moore v. Tartler**, 986 F.2d 682, 685 (3d Cir.1993).

42. The Third Circuit has established that a state actor will be liable under this theory when:

    1. The harm ultimately caused was foreseeable and fairly direct;

    2. The state actor acted in willful disregard for the safety of the Plaintiff;

    3. There existed some relationship between the state and the Plaintiff; and

    4. The state actors used their authority to create an opportunity that otherwise would not have existed for harm to occur.

**Kneipp v. Tedder**, 95 F.3d 1199, 1208 (3d Cir. 1996).

43.     At all times relevant to this action, Defendants and their agents and/or officers were acting under the color of state law.

44.     The harm ultimately caused was foreseeable and fairly direct in that W.J.L.'s suicide was caused by the Defendants failure to create, implement, and enforce a proper plan to address and prevent bullying, intimidation, and harassment while affirmatively failing to notify Wyatt's parents of the ongoing bullying, intimidation, and harassment that he was being subjected to as was required by District policy and regulation.

45.     The Defendants had a relationship with W.J.L. such that they took upon the responsibility and affirmatively agreed to create, implement, and enforce a proper plan to address and prevent bullying, intimidation, and harassment.

46.     The Defendants acted in willful disregard for W.J.L.'s safety because despite ongoing bullying, intimidation, and harassment no notification was made as required by District policy and regulation and no steps were taken to abate or address the bullying, intimidation, and harassment.

47.     The Defendants used their authority to create an opportunity that otherwise would not have existed for harm to occur because they failed to notify W.J.L.'s parents or take any action to address the bullying, intimidation, and harassment W.J.L. was subject to.

48. The Defendants have further essentially admitted to 1983 claim by acknowledging at a public school board meeting that the policy/regulation in place to address and prevent bullying, intimidation, and harassment was a failure and authorized expenditure of district money to hire a law firm with expertise to create and implement a plan, policy, and regulation.

49. All of the acts of the Defendants and their agents and or officers as described in greater detail above, independently and directly caused the harm and/or made W.J.L. more vulnerable to the harm because the danger to W.J.L. did not exist prior to the commission of the above mentioned acts/inaction or misuse/abuse of District policy and regulation.

50. The acts/inactions or misuses/abuse of District policy and regulation was the proximate cause of W.J.L.'s injuries as previously set forth herein and made W.J.L. more vulnerable to his ultimate death by suicide.

51. The conduct as set forth and herein evidences Defendant's creation of a state created danger, which violated W.J.L.'s rights under the Fourteenth Amendment.

52. The individual Defendants violated W.J.L.'s clearly established constitutional rights including but not limited to bodily integrity for

student based upon the Fourteenth Amendment. **<u>Stoneking v. Bradford Area School District</u>, 882 F.2d 720, 726-727 (3d Cir. 1989)**. Therefore, none of the individual Defendants are entitled to qualified immunity.

53. In Sum, the Defendants had a duty which arose under the United States Constitution and its Amendments, the laws of the United States, the laws of Pennsylvania, and the policies and regulations of the District to provide safe, proper, nondiscriminatory and appropriate educational services to W.J.L. and to enforce faithfully the District policy and regulations on bullying, intimidation, and harassment. The Defendants, while acting under color of state law, breached these duties, thus violating W.J.L.'s rights under **<u>Title IX</u>** and the Fourteenth Amendment to the United States Constitution thus creating a colorable 1983 claim. By failing to create, implement and enforce a proper policy and regulation to address bullying, intimidation, and harassment the Defendants placed and maintained W.J.L. in a highly dangerous environment, and created the opportunity for the harm to occur in violation of W.J.L.'s constitutional rights resulting in harm to him, which would not have existed absent or but for the actions/inaction and misuse/abuse by the Defendants.

## Loss of Consortium Claim – Against All Defendants

54. Plaintiffs incorporate by reference all above paragraphs of this Complaint as if set forth fully herein.

55. At all times material to this complaint, Plaintiff was the natural father of W.J.L. and the consenting other heir, Terri Bradford was the Natural Mother.

56. Plaintiff seeks redress for denial of the right to the comfort, companionship, and society (consortium) of their un-emancipated son as a consequence of the Defendants' continual failure to comply with federal and state law as referenced herein. The depression, anxiety, harassment, intimidation, bullying, and fatal harm W.J.L. experienced from these failures and the violations of federal and state law by the Defendants' as described in the above complaint, all occurred in violation of **Title IX** and U.S.C. 1983 and 1988. Plaintiff has been and will continue to be deprived of the assistance and companionship of W.J.L., all of which has been, and continues to be, and in the future will be to their great detriment and loss. **McCurdy v. Dodd**, **352 F.2d 820 (3d Cir.2003)**.

## Survival Action – Against All Defendants

57. The preceding paragraphs of this complaint are hereby incorporate by reference as if set forth fully herein.

58. As Administrator of the Estate of W.J.L., Plaintiff brings this action on behalf of the Estate of W.J.L., in accordance with the Survival Act of the Commonwealth of Pennsylvania, 42 Pa.C.S.A. 8302 et seq.

59. As Administrator of the Estate of W.J.L., Plaintiff asserts all claims and damages as set forth in the Survival Act and supporting case law.

## Wrongful Death Action – Against All Defendants

60. The preceding paragraphs of this Complaint are hereby incorporated by reference as if set forth fully herein.

61. Plaintiff, as Administrator of the Estate of W.J.L., files this Wrongful Death action pursuant to 42 Pa.C.S.A. 8301 et seq. and asserts all claims and damages available under the Wrongful Death Act and supporting case law. The beneficiaries under the Wrongful Death Act are Marc Lansberry and Terri Bradford.

## V.     Relief Requested

62. Plaintiff seeks monetary damages and reasonable attorney's fees and costs under **Title IX** and Pennsylvania law.

63. Plaintiff seeks monetary damages, punitive damages, and reasonable attorney's fees and costs under 42 U.S.C. 1983 and 1988.

**WHEREFORE,** Plaintiff respectfully requests This Honorable Court:

  a. Assume jurisdiction over this matter;

  b. Order appropriate compensatory damages;

  c. Order appropriate punitive damages;

  d. Order the Defendant to compensate Plaintiff for reasonable attorneys' fees and related costs; and

  e. Grant such other relief as the Court deems appropriate.

Respectfully Submitted:

  */s/ Steven P. Passarello, Esquire*
  STEVEN P. PASSARELLO, ESQUIRE
  616 Hileman Street
  Altoona, PA 16602
  (814) 944-9800
  PA I.D# 63233
  Attorney for Petitioner

Dated:  January 26, 2018

  */s/ Daniel J. Kiss, Esquire*
  DANIEL J. KISS, ESQUIRE
  616 Hileman Street
  Altoona, PA 16602
  (814) 944-9800
  PA I.D# 63233
  Attorney for Petitioner

Dated:  January 26, 2018